## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELENI L. SANTERCANGELO,<br><br>    Plaintiff,<br><br>v.<br><br>MAG PITT LP d/b/a CHEERLEADERS GENTLEMEN'S CLUB,<br><br>    Defendant. | Civil Action No. _____<br><br><br><br><br><br>JURY TRIAL DEMANDED |

### COMPLAINT

Plaintiff, Eleni L. Santercangelo, by undersigned counsel, files this Complaint, and in support thereof, avers as follows:

### I. Jurisdiction and Venue

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), as amended by the Civil Rights Act of 1991, 28 U.S.C. § 1331; 29 U.S.C. §2617(a)(2); and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2. Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in Allegheny County.

### II. Parties

3. Plaintiff, Eleni Santercangelo f/k/a Eleni Lewis, is an individual who resides in Allegheny County, Pennsylvania.

4. Defendant, MAG Pitt LP d/b/a Cheerleaders Gentlemen's Club, is a Pennsylvania Limited Partnership with a registered address of 3100 Liberty Avenue, Pittsburgh, Pennsylvania 15201. At all times relevant hereto, Defendant was an

"employer" within the meaning of 42 U.S.C. § 2000e(b) and 43 Pa. Cons.Stat.Ann. § 955.

### III. Administrative Remedies

5.  Santercangelo has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, as amended, and in particular:

   a.  Santercangelo filed a timely charge of sex (pregnancy) discrimination with the Equal Employment Opportunity Commission (EEOC) on May 25, 2018 and dual filed with the Pennsylvania Human Relations Commission (PHRC) on or about that same date;

   b.  Santercangelo filed a second timely charge of sex (pregnancy) discrimination and retaliation with the EEOC on December 6, 2018 and dual filed with the PHRC on our about that same date;

   b.  Santercangelo received Notices of Right to Sue from the EEOC dated December 4, 2019 and December 10, 2019, and this action was filed with this Court within 90 days of receipt of those Notices; and

   c.  More than one year has lapsed since the date Santercangelo filed her PHRC complaints.

### IV. Factual Background

6.  Defendant's Manager, Richie Owens, recruited Santercangelo to come and work for Defendant as a bartender.

7.  Santercangelo began working for Defendant on February 11, 2018.

8.  During her interview on February 9, 2018, Owens offered Santercangelo the bartender position and said Santercangelo would be working every Friday and Saturday and would be scheduled on the rotation to work one Sunday and one Monday shift per month.

9. Owens also indicated that Defendant would offer Santercangelo additional shifts first if another bartender called off.

10. Defendant scheduled Santercangelo to work eleven (11) shifts in March 2018.

11. Santercangelo picked up two (2) additional shifts in March 2018.

12. Defendant then began to suspect that Santercangelo was pregnant and reduced the number of shifts for which they scheduled her the following month.

13. Defendant scheduled Santercangelo to work only six (6) shifts in April 2018.

14. On April 1, 2018, Santercangelo announced on social media that she was pregnant.

15. After Santercangelo announced her pregnancy, Defendant further reduced her shifts for May 2018.

16. Defendant scheduled Santercangelo for only three (3) shifts for May 2018.

17. On April 20, 2018, immediately after Defendant posted the May schedule, Santercangelo approached Owens and Defendant's owner, Mike Clifford, and asked why Defendant cut her shifts.

18. Owens stated that other bartenders wanted more shifts.

19. That same day, Santercangelo asked Owens if there were other shifts or positions available that she could work, such as waitress, front door or house mom.

20. Owens told Santercangelo that there was nothing else he could do.

21. Santercangelo told Owens that she was pregnant and concerned about the decrease in her income, but Owens walked away without saying anything further.

22. Defendant subsequently hired a new waitress and a new front door person, both positions for which Santercangelo is qualified and about which she had inquired during the April 20, 2018 conversation with Owens.

23. On May 1, 2018, one of Defendant's other bartenders asked Santercangelo to cover her shift.

24. Owens sent a text message to the bartenders on April 13, 2018 advising them that moving forward, bartenders would be required to clear any shift changes with management.

25. Defendant's management did not approve the shift switch with Santercangelo for May 1, 2018.

26. The bartenders who Owens claimed wanted additional shifts requested shift changes for those additional shifts in April 2018 and May 2018.

27. Defendant's management instructed the other bartenders not to give Santercangelo any of their shifts.

28. On May 25, 2018, Santercangelo filed a Charge of Discrimination with the EEOC alleging sex/pregnancy discrimination because Defendant reduced her shifts after learning she was pregnant.

29. Santercangelo continued to request additional shifts from Defendant.

30. On June 27, 2018, Santercangelo asked Owens if she could work the Tuesday shifts that another bartender had given up, but Owens said Defendant had already filled that bartender's Tuesday shifts.

31. Defendant scheduled Santercangelo for only two (2) shifts for June 2018.

32. Defendant scheduled Santercangelo for only two (2) shifts for July 2018.

33. Defendant scheduled Santercangelo for only three (3) shifts for August 2018.

34. Santercangelo's pregnancy due date was September 23, 2018

35. On September 7, 2018, Santercangelo worked a bartending shift for Defendant.

36. On September 8, 2018, Santercangelo's doctor took steps to induce labor.

37. On September 10, 2018, Santercangelo gave birth without any complications.

38. On September 29, 2018, Santercangelo contacted Owens and advised him that she had been cleared by her doctor to return to work and requested to be put back on the schedule.

39. The following day, Owens responded to Santercangelo via text message and indicated that the October 2018 schedule was already completed but he would contact her when he did the November 2018 schedule.

40. On October 24, 2018, Santercangelo received the November 2018 bartender schedule and Defendant had scheduled her for only two (2) shifts.

41. Rather than scheduling Santercangelo for additional shifts as she had been requesting, Defendant hired a new bartender in late October 2018 and gave her two Saturday shifts in November 2018.

42. Defendant did not schedule Santercangelo to work its holiday party on November 21, 2018 and instead hired guest bartenders for that night.

43. On November 17, 2018, Owens called Santercangelo a few hours before her scheduled shift and told her that Defendant was terminating her employment because she had allegedly breached her employment agreement.

### Count I
### Title VII – Pregnancy Discrimination

44. Santercangelo incorporates by reference the allegations in Paragraphs 1 through 43, as if fully set forth herein.

45. Defendant reduced Santercangelo's shifts, refused to give her additional shifts, refused to offer her shifts in other positions for which she was qualified and ultimately fired her because of her sex (pregnancy) in violation of 42 U.S.C. § 2000e-2(a)(1).

46. As a direct and proximate result of Defendant's actions, Santercangelo suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, Santercangelo demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

    a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII;

    b. That Defendant be ordered to reinstate Santercangelo into the position she occupied prior to Defendant's discriminatory actions, together with all other rights and benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    c. That Defendant be required to compensate Santercangelo for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest from the date of

      discrimination, in addition to reimbursement for lost pension and/or profit sharing benefits until Santercangelo normal retirement date, social security, experience, training opportunities and other benefits;

d. That Defendant be required to provide Santercangelo with front pay if the Court determines reinstatement is not feasible;

e. That Santercangelo be awarded compensatory damages in an amount to be determined at trial;

f. That Santercangelo be awarded punitive damages in an amount to be determined at trial;

g. That Defendant be enjoined from discriminating or retaliating against Santercangelo in any manner prohibited by Title VII;

h. That Santercangelo be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

i. That Santercangelo be granted such further legal and equitable relief as the Court may deem just and proper.

### Count II
### Title VII – Retaliation

47. Santercangelo incorporates by reference the allegations in Paragraphs 1 through 46, as if fully set forth herein.

48. Santercangelo opposed conduct which she in good faith believed was illegal conduct under federal and state anti-discrimination laws.

49. Santercangelo filed an EEOC Charge of Discrimination alleging sex/pregnancy discrimination against Defendant.

50. Defendant terminated Santercangelo.

51. Defendant terminated Santercangelo because she opposed and complained of conduct made illegal under Title VII, in violation of 42 U.S.C. § 2000e-3(a).

52. As a direct and proximate result of Defendant's illegal retaliation, Santercangelo suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions as well as a loss of income and fringe benefits, loss of reputation and lost career opportunities.

WHEREFORE, Santercangelo demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

    a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII;

    b. That Defendant be ordered to reinstate Santercangelo into the position she occupied prior to Defendant's discriminatory actions, together with all other rights and benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    c. That Defendant be required to compensate Santercangelo for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest from the date of discrimination, in addition to reimbursement for lost pension and/or profit sharing benefits until Santercangelo normal retirement date, social security, experience, training opportunities and other benefits;

    d. That Defendant be required to provide Santercangelo with front pay if the Court determines reinstatement is not feasible;

    e. That Santercangelo be awarded compensatory damages in an amount to be determined at trial;

    f. That Santercangelo be awarded punitive damages in

      an amount to be determined at trial;

g.    That Defendant be enjoined from discriminating or retaliating against Santercangelo in any manner prohibited by Title VII;

h.    That Santercangelo be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

i.    That Santercangelo be granted such further legal and equitable relief as the Court may deem just and proper.

### Count III
### PHRA – Discrimination and Retaliation

53.    Santercangelo incorporates by reference the allegations in Paragraphs 1 through 52, as if fully set forth herein.

54.    Defendant's discrimination and retaliation against Santercangelo was in violation of the PHRA, 43 Pa. Conns. Stat.Ann. §955(a) *et seq.*

55.    As a direct result of Defendant's discriminatory actions in violation of the PHRA, Santercangelo has lost wages and other economic benefits of her employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Santercangelo requests the following:

a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

b.    That Defendant be ordered to reinstate Santercangelo into the position she occupied prior to Defendant's discriminatory actions, together with all other rights and benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

c.    That Defendant be required to compensate

       Santercangelo for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d. That Defendant be required to provide Santercangelo with front pay if the Court determines reinstatement is not feasible;

e. That Santercangelo be awarded compensatory damages in an amount to be determined at trial;

f. That Defendant be enjoined from discriminating against Santercangelo in any manner that violates the Pennsylvania Human Relations Act;

g. That Santercangelo be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

h. That Santercangelo be granted such further legal and equitable relief as the Court may deem just and proper.

       Respectfully submitted:

       /s/ *Nikki Velisaris Lykos*
       Nikki Velisaris Lykos
       PA I.D. No. 204813

       Colleen Ramage Johnston
       PA I.D. No. 66413

       Johnston Lykos, LLC
       525 William Penn Place
       28th Floor
       Pittsburgh, PA  15219
       (412) 325-7700

       Attorneys for Plaintiff